Lin v. Holder

BIA
A088 376 084

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand thirteen.

PRESENT:
>       CHESTER J. STRAUB,
>       PETER W. HALL,
>       DENNY CHIN,
>             *Circuit Judges.*

_____

SHENG MEI LIN,
>       *Petitioner,*

>       v.                                        11-4447

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          NORMAN KWAI WING WONG, New York, NY.

FOR RESPONDENT:          JASON WISECUP (Stuart F. Delery, Acting Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney*, on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings.

Petitioner Sheng Mei Lin, a native and citizen of the People's Republic of China, seeks review of a September 28, 2011, order of the BIA denying her motion to reopen. *See In re Sheng Mei Lin*, No. A088 376 084 (B.I.A. Sept. 28, 2011). Although acknowledging both that petitioner has converted to Christianity and "that the mistreatment of some Christians and other religious minorities in China is a longstanding and ongoing problem," the BIA, nonetheless, denied Lin's motion to reopen on the basis that Lin had not provided sufficient evidence to demonstrate that "the Chinese authorities are aware, or are likely to become aware, of [Lin's] conversion to Christianity in the United States, or that she would likely face persecution upon her return due to her becoming a Christian." Certified Administrative Record ("CAR") 3. On that basis, the BIA held that Lin failed to demonstrate an objectively reasonable fear of persecution. *Id.* We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion.  *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  The BIA abuses its discretion where its decision is "conclusory, devoid of reasoning, and fail[s] to account for . . . substantial record evidence."  *Norani v. Gonzales*, 451 F.3d 292, 295 (2d Cir. 2006) (internal quotation marks omitted)*; see also Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, . . . is devoid of any reasoning, or contains only summary or conclusory statements . . . .").

In order to establish eligibility for asylum based on future persecution, an applicant must show "that [she] subjectively fears persecution and . . . that [her] fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  To prevail on a motion to reopen, therefore, Lin is required to establish a realistic chance that she would be able to demonstrate an objectively reasonable fear of persecution if her proceedings were reopened.  *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).  An applicant can demonstrate an objectively

3

reasonable fear of future persecution "in one of two ways: first, by offering evidence that he or she would be singled out individually for persecution; and second, by proving the existence of a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated . . . and . . . establishing his or her own inclusion in, and identification with, such a group." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (internal quotation marks and alterations omitted).

In reviewing the BIA's September 28, 2011, decision, we are confronted with two problems. First, although we cannot divine whether the BIA has actually determined that petitioner's evidence proves there is a pattern or practice of persecution of Christians in China, it appears it may have done so. Indeed, as already noted, the BIA agreed that there has been "mistreatment of some Christians . . . in China" and that such mistreatment has been "a longstanding and ongoing problem." CAR 3. Whether this is or is not a determination that petitioner's evidence has demonstrated such pattern or practice, the BIA needs to make that determination abundantly clear before we may adequately review it.

4

Second, if indeed the BIA has determined on this record that there exists a pattern or practice of persecution of Christians in China, then, having acknowledged that Lin has converted to Christianity, the BIA must further consider whether and, if so, explain why in its view it is necessary for petitioner, a member of the persecuted class, also to prove that "the Chinese authorities are aware, or are likely to become aware, of [Lin's] conversion to Christianity," CAR 3, in order to demonstrate a likelihood that she will be persecuted.  That is, to demonstrate *likelihood* of persecution, if there is evidence from which to conclude there is a pattern or practice of persecution of a particular group of which petitioner is a member, why is it not enough merely to show membership in that persecuted group, which petitioner has done? [1]

In denying the motion to reopen, the BIA relied on Lin's failure to establish that Chinese authorities would likely become aware of her conversion to Christianity in the

---

[1]  Given the frequency with which such an issue is likely to be encountered, we note that a precedential opinion of the BIA resolving the issue would provide valuable guidance to courts and litigants.  The BIA could thereby articulate a legal basis for requiring the petitioner to establish anything more than membership in the group that is subject to the pattern or practice of persecution by the government of the country to which a petitioner would be returned.

5

United States.  We have not held, however, and the BIA cites no authority for the proposition, that in order to prevail at the motion to reopen stage, the petitioner must show--in addition to establishing a pattern or practice of persecution of members of a group--that government officials were likely to become aware of the petitioner's membership in that group.  Given the ambiguity in the BIA's ruling as to whether Lin has failed to establish a pattern or practice of persecution of Christians in China, the BIA may well have erred by denying the motion to reopen on the basis that Lin failed to establish that the Chinese authorities would likely become aware of her conversion to Christianity.[2]

---

[2] In *Kyaw Zwar Tun v. U.S. Immigration & Naturalization Serv.*, 445 F.3d 554 (2d Cir. 2006), we remanded the case to the IJ "to determine [1] whether Tun had a well-founded fear of persecution on account of pro-democracy political activities and . . . [2] whether Burmese government officials were likely to become aware of Tun's political dissident activities in the United States."  445 F.3d at 571.  We did not hold in *Tun*, however, that to establish eligibility for asylum based on inclusion in a group subject to a pattern or practice of persecution, a petitioner must show that the foreign government was likely to become aware of petitioner's activities.  In fact, we noted that in order to establish eligibility for asylum based on petitioner's inclusion in a group subject to a pattern and practice of persecution, a petitioner is "not required to establish that the [foreign] government was aware of him as an individual." *Id.* at 570.  Rather, "it sufficed to establish petitioner's eligibility for asylum . . . for petitioner to prove that he was a pro-democracy activist and that the Burmese government has a pattern or practice of persecuting similarly situated pro-democracy activists."  *Id.* (citing, *inter alia*, 8 C.F.R. § 208.13(b)(2)(iii)).

6

Accordingly, because it is unclear whether the BIA determined that petitioner's evidence establishes a pattern or practice of persecution of Christians in China, the decision of the BIA is VACATED, and the matter is REMANDED for a determination of that issue. If that issue is resolved in the affirmative, the BIA must also consider whether and why it would be necessary for petitioner also to prove that government officials were likely to become aware of her conversion to Christianity in order to demonstrate a likelihood of persecution. In so doing, the BIA must be mindful that this Circuit has never held that an asylum applicant who has established inclusion in a group subject to a pattern or practice of persecution need also show that the applicant would be "singled out individually for persecution." 8 C.F.R. § 208.13(b)(2)(iii). Indeed, the regulation provides:

> In evaluating whether the applicant has sustained the burden of proving that he or she has a well-founded fear of persecution, the asylum officer or immigration judge shall not require the applicant to provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if: (A) The applicant establishes that there is a pattern or practice . . . of persecution of a group of persons similarly situated to the applicant on account of [specified criteria, including religion]; and (B) The applicant establishes his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is reasonable.

*Id.*

7

The petition for review is GRANTED. We VACATE the decision of the BIA and REMAND the case for further consideration consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8